UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 24-301 (DSD/DLM)

United States of America,

        Plaintiff,

v.                                                          **ORDER**

Tamarick Leandre Shaffer,

        Defendant.

This matter is before the court upon the objections by defendant Tamaick Leandre Shaffer to the May 15, 2025, report and recommendation of Magistrate Judge Douglas L. Micko (R&R). In his report, the magistrate judge recommends denying defendant's motions to dismiss and to suppress evidence. Defendant timely objected to the R&R.

The facts underlying this matter are not in dispute and will not be repeated in detail here. On November 12, 2024, defendant was charged with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He now moves to dismiss the indictment as inconsistent with his right to bear arms under the Second Amendment. He also moves to suppress the firearm found on his person at the time of his arrest, arguing that the police officers lacked reasonable suspicion to stop him in the first place.

The court has reviewed the R&R de novo, 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b), and finds that the magistrate judge was correct in its analysis and determination.

As to the motion to dismiss, the Eighth Circuit Court of Appeals has upheld the felon-in-possession statute as constitutional.  United States v. Jackson, 110 F.4th 1120, 1125 (2024).  As a result, the magistrate judge properly recommended that the motion be denied.

The issue on the motion to suppress turns on when defendant was seized during his encounter with police.  Defendant argues that he was seized the moment he stopped walking away from police and raised his hands as commanded to do.  The government argues that defendant's compliance was temporary and that he backed away from the officers, refused to comply with additional commands, and ran away.  Officers then chased defendant and brought him to the ground at which time he informed them that he had a firearm in his pants. Given these facts, the magistrate judge correctly concluded that defendant's compliance was fleeting, and that the seizure did not occur until the officers brought him to the ground.  There is no dispute that officers had a lawful basis to seize him once he ran away.  Given these circumstances, the court must overrule the objection to the R&R, as the evidence was gathered lawfully.

2

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R [ECF No. 41] is adopted in its entirety;

2. The objections to the R&R [ECF No. 42] are overruled;

3. The motion to dismiss [ECF No. 27] is denied; and

4. The motion to suppress evidence [ECF No 28] is denied.


Dated:  June 3, 2025                s/David S. Doty
                                                Davis D. Doty, Judge
                                                United States District Court